

NICKY JATANA (SBN 197682)
ANGELA QUILES NEVAREZ (SBN 253571)
JACKSON LEWIS P.C.
725 South Figueroa Street, Suite 2500
Los Angeles, California 90017-5408
(213) 689-0404 - Office
(213) 689-0430 – Fax
JatanaN@jacksonlewis.com
Angela.Nevarez@jacksonlewis.com

Attorneys for Defendant
GEODIS WILSON USA, INC.

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MARK BOULLET,<br><br>        Plaintiff,<br><br>    vs.<br><br>GEODIS WILSON USA, INC., a New York corporation; KEN SMITH, an individual; and DOES 1 through 250, inclusive,<br><br>        Defendants. | Case No.: CV14.- 6583 MWF-AJWx<br><br>**DEFENDANT GEODIS WILSON USA, INC.'S SECOND NOTICE OF REMOVAL OF ACTION TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA PURSUANT TO 28 U.S.C. §§ 1332, 1441(a) AND (b) (DIVERSITY)**<br><br>[Filed concurrently with Notice of Interested Parties; Notice to Adverse Party; Declaration of Angela Quiles Nevarez; Declaration of Juan Egas; Notice of Filing of All Pleadings, Process and Orders from Los Angeles Superior Court; and Civil Case Cover Sheet]<br><br>Complaint filed: April 8, 2014 |

**TO THE HONORABLE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA:**

PLEASE TAKE NOTICE that Defendant GEODIS WILSON USA, INC. ("Defendant Geodis" or "Defendant") hereby invokes this Court's jurisdiction pursuant to 28 U.S.C. sections 1332, 1441(a) and (b) and 1446, and removes the above-entitled action to this Court from the Superior Court of the State of California in and for the County of Los Angeles otherwise referred to as ("State Superior Court").

On April 8, 2014, Plaintiff Mark Boullet ("Plaintiff") filed his Complaint for Damages against Geodis in the Superior Court of the State of California in and for the County of Los Angeles captioned *MARK BOULLET, Plaintiff, vs. GEODIS WILSON USA, INC.; KEN SMITH; and DOES 1 through 250, inclusive, Defendants*, Case No. BC541966 which sets forth the following causes of action:  (i) wrongful termination in violation of public policy; (ii) retaliation in violation of FEHA; (iii) intentional infliction of emotional distress; (iv) discrimination on the basis of disability; (v) failure to accommodate disability; (vi) failure to engage in the interactive process; (vii) defamation; and (viii) violation of Labor Code section 201 et seq.  ("Complaint").

Defendant Geodis was deemed served with Plaintiff's Complaint and related court documents on April 23, 2014.  A true and complete copy of Plaintiff's Complaint and other related court documents received by Defendant is attached to the Declaration of Angela Quiles Nevarez in support of Removal ("Nevarez Decl.") as Exhibit A.

Defendant Ken Smith has not been served with the Complaint and related court documents.

On May 22, 2014, Defendant Geodis filed and served its Answer in the Los Angeles County Superior Court.  A true and complete copy of Defendant Geodis' Answer is attached to Nevarez Decl. as Exhibit B.

On May 23, 2014, Defendant Geodis filed and served its initial Notice of Removal of Action to the United States District Court for the Central District of California.  A true and complete copy of Defendant Geodis' initial Notice of Removal is attached to Nevarez Decl. as Exhibit C.

On June 5, 2014, this Court remanded the case to the Los Angeles County Superior Court indicating that the District Court lacked subject matter jurisdiction over the matter since Defendant Geodis failed to establish that Plaintiff was a citizen of California.  A true and complete copy of the Court's Order Remanding Case to Superior Court is attached to Nevarez Decl. as Exhibit D.

On June 26, 2014, Defendant Geodis served Plaintiff with Requests for Admission,

1  set 1 to obtain further information on Plaintiff's citizenship and residency.  A true and

2  complete copy of Defendant Geodis' Requests for Admission, set 1 is attached to

3  Nevarez Decl. as Exhibit E.  That same day, Defendant Geodis also served Plaintiff with

4  Form Interrogatories – General No. 17.1 so that Plaintiff could provide additional

5  information for each request for admission that was denied or denied in part.  A true and

6  complete copy of Defendant Geodis' Form Interrogatories – General, No. 17.1 is attached

7  to Nevarez Decl. as Exhibit F.

8       Plaintiff served Defendant Geodis with his responses to Requests for Admission,

9  set 1 on July 28, 2014.  A true and complete copy of Plaintiff's responses to Defendant

10  Geodis' Requests for Admission, set 1 is attached to Nevarez Decl. as Exhibit G.

11       Plaintiff also served Geodis with his response to Form Interrogatories – General

12  No. 17.1 on July 28, 2014.  A true and complete copy of Plaintiff's responses to

13  Defendant Geodis' Form Interrogatories – General No. 17.1 is attached to Nevarez Decl.

14  as Exhibit H.

15                    **TIMELINESS OF REMOVAL**

16       This Notice of Removal has been filed within thirty (30) days after Defendant

17  Geodis was deemed served a copy of Plaintiff's Responses to Defendant Geodis'

18  Requests for Admission, set 1 and Form Interrogatories, General, No. 17.1.    The

19  Summons and Complaint were personally served on April 23, 2014. Defendant Geodis

20  filed for a removal of this case on May 23, 2014.  On June 5, 2014, the Court remanded

21  the case finding that it lacked subject matter jurisdiction over this action.  The Court

22  specifically indicated that while the Complaint states that Plaintiff is a resident of the

23  State of California, there was no indication that Plaintiff is a citizen of the State of

24  California and mere residence allegations are insufficient to establish citizenship on

25  removal in light of the strong presumption against removal jurisdiction. The Court went

26  on to state that Defendant Geodis did not cite to additional objective facts to establish that

27  Plaintiff is a California citizen, such as voting registration and voting practices, location

28  of personal and real property, location of brokerage and bank accounts, location of

1    spouse and family, membership in unions and other organizations, place of employment

2    or business, driver's license and automobile registration, and payment of taxes. <u>See</u>

3    Nevarez Decl., Exhibit D, ¶¶ 5-6.

4        Thereafter, on June 26, 2014, Defendant Geodis served Plaintiff through his

5    counsel with discovery on the issue of Plaintiff's citizenship including Requests for

6    Admission, set 1 and Form Interrogatories - General, set 1. Responses to this discovery

7    were mailed to Defendant Geodis on July 28, 2014. <u>See</u> Nevarez Decl., Exhibits G-H.

8    This Notice of Removal is being filed 24 days after Plaintiff's sworn discovery responses

9    were served. This Notice of Removal is therefore filed by Defendant Geodis within the

10   time period provided by 28 U.S.C. § 1446(b).

11       In accordance with 28 U.S.C. § 1446(d), the undersigned counsel certifies that a

12   copy of this Notice of Removal and all supporting papers promptly will be served on

13   Plaintiff's counsel and filed with the Clerk of the Los Angeles Superior Court.

14   Therefore, all procedural requirements under 28 U.S.C. § 1446 have been satisfied.

15                    **DIVERSITY JURISDICTION**

16                **REMOVAL BASED ON DIVERSITY**

17                **(28 U.S.C. sections 1332(a) and (d))**

18       Diversity jurisdiction exists where there is diversity of citizenship between the

19   parties at the time the lawsuit is filed. *See Grupo Dataflux v. Atlas Global Group*, 541

20   U.S. 567, 571 (2004).

21       To establish citizenship for diversity purposes, a natural person must be a citizen of

22   the United States and domiciled in a particular state. *Kantor v. Wellesley Galleries, Ltd.*,

23   704 F.2d 1088, 1090 (9th Cir. 1983). Persons are domiciled in the places where they

24   reside with the intent to remain or to which they intend to return. *Kanter v. Warner-*

25   *Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001).

26       Defendant Geodis believes, and Plaintiff acknowledges, that he was and is a

27   resident and citizen of the State of California. Indeed, Plaintiff stated in the Complaint

28   that he is and has been a resident of the County of Los Angeles, State of California. <u>See</u>

1   Nevarez Decl., Exhibit A ¶ 5; see also Declaration of Juan Egas ("Egas Decl."), ¶ 3.

2   Plaintiff also admitted in his responses to Requests for Admission that he is a resident

3   and citizen of the State of California and that he is registered to vote in California. <u>See</u>

4   Nevarez Decl., Exhibit E, page 2 lines 2-11 ¶ 2 and Nevarez Decl., Exhibit G, page 3,

5   lines 10-17. Plaintiff further admitted that he currently works in the State of California,

6   that he has a California driver's license, and that his vehicle is registered in the State of

7   California. <u>See</u> Nevarez Decl., Exhibit E, page 2 lines 26-27, page 3 lines 4-7 and

8   Nevarez Decl., Exhibit G, page 4 lines 11-12 and 17-21. Plaintiff further admits to

9   having paid taxes in California from 2009 through the present. <u>See</u> Nevarez Decl.,

10  Exhibit E, page 3 lines 8-9; Nevarez Decl., Exhibit G, page 7 interrogatory 17.1; and

11  Nevarez Decl., Exhibit F, page 5 lines 5-8.

12        A corporation is a citizen in a state where it is incorporated and it has its principal

13  place of business. 28 U.S.C. § 1332(c). With respect to ascertaining a corporation's

14  principal place of business for purposes of diversity jurisdiction, the United States

15  Supreme Court has adopted the "nerve center test." *The Hertz Corp. v. Friend*, 559 U.S.

16  77 (2010). Under the nerve center test, a corporation's principal place of business is

17  where a corporation's high level officers direct, control and coordinate the corporation's

18  activities.

19        Defendant Geodis, both at the time this action was commenced and the time it was

20  removed to federal court, is a either citizen of the State of New York or New Jersey

21  within the meaning of Section 1332(c)(1), because it was at all times a corporation

22  formed under the laws of the State of York, with its principal place of business and

23  corporate headquarters located at 485c Route 1 South, Suite 410, Iselin, New Jersey,

24  08830. The state of New Jersey is where all of Geodis' primary executive,

25  administrative, financial, and management functions are conducted and where the high

26  level officers direct, control, and coordinate the corporation's activities. *Hertz, supra,*

27  130 S.Ct. 1181. Egas Decl., ¶¶ 5-8.

28        Defendant Geodis' Board of Directors typically meets at its headquarters in Iselin,

1   New Jersey. *Hertz, supra*, 130 S.Ct. 1181; Egas Decl., ¶¶ 7-9.

2   Applying the "nerve center" test, New Jersey is clearly the state where Defendant

3   Geodis' primary executive, administrative, financial and management functions are

4   conducted and where the high level officers direct, control, and coordinate the

5   corporation's activities (i.e., the principle place of business of Defendant).

6   The presence of defendant Ken Smith has no bearing on the diversity with respect

7   to removal since Ken Smith has not yet been served and since Ken Smith is a resident of

8   North Carolina. *Pooshs v. Altria Group, Inc.*, 2004 U.S. Dist. LEXIS 32036, 6-7; Egas

9   Decl., ¶¶ 9-10.

10   The presence of Doe defendants has no bearing on the diversity with respect to

11   removal.   28 U.S.C. § 1441(a) ("For purposes of removal under this Chapter, the

12   citizenship of defendants used under a fictitious name shall be disregarded.")

## AMOUNT IN CONTROVERSY

14   This action also meets the amount in controversy requirement.   28 U.S.C. section

15   1332(a) authorizes the removal of cases in which, among other factors, the matter in

16   controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs.

17   Without admitting that Plaintiff could recover any damages, Defendant Geodis asserts

18   that the amount in controversy in this action could exceed $75,000.00, exclusive of

19   interest and costs.

20   In determining whether the amount in controversy exceeds $75,000.00, the court

21   must presume Plaintiff will prevail on each and every one of his claims. *Kenneth*

22   *Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal.

23   2002) (citing *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1096 (11th Cir. 1994) (the amount

24   in controversy analysis presumes "plaintiff prevails on liability") and *Angus v. Shiley,*

25   *Inc.*, 989 F.2d 142, 146 (3d Cir. 1993) ("the amount in controversy is not measured by

26   the low end of an open-ended claim, but rather by reasonable reading of the value of the

27   rights being litigated")).   Moreover, the argument and facts set forth herein appropriately

28   may be considered in determining whether the jurisdictional amount in controversy is

satisfied.   *Cohn v. Petsmart, Inc.*, 281 F.3d 837, 843, n.1 (9th Cir. 2002) (citing *Willingham v. Morgan*, 395 U.S. 402, 207, n. 3 (1969)).

Without conceding that Plaintiff is entitled to damages or could recover damages in any amount whatsoever, the amount in controversy in this action exceeds $75,000.00. 28 U.S.C. § 1332(a).   Where a plaintiff's state court complaint is silent as to the amount of damages claimed, the removing defendant need only establish that it is more probable than not that the plaintiff's claims exceed the jurisdictional minimum.   *Sanchez v. Monumental Life Ins. Co.*, 95 F.3d 856, 860-61 (9th Cir. 1996).   The amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs, for the following reasons:

      a. The Complaint alleges Plaintiff was employed by Defendant as a branch manager.  The Complaint further alleges that Plaintiff has been discriminated against on the basis of his disability.  <u>See</u> Complaint at ¶¶ 13-16 and 48-51, Nevarez Decl., Exhibit A.

      b. The Complaint alleges that Plaintiff was wrongfully terminated by Defendant because of his protected activity and/or classification.  <u>See</u> Complaint at ¶ 20, Nevarez Decl., Exhibit A.

      c. The Complaint alleges that Plaintiff was retaliated against because the actual reason for terminating Plaintiff was that Plaintiff informed Defendant of his disability and requests for accommodation.  <u>See</u> Complaint at ¶ 35, Nevarez Decl., Exhibit A.

      d. The Complaint alleges that Plaintiff suffered severe emotional distress as a result of Defendant's discrimination, retaliation and defamation. <u>See</u> Complaint at ¶¶ 40-41, Nevarez Decl., Exhibit A.

      e. The Complaint alleges that Plaintiff's requests for accommodation were the reason for his termination.  <u>See</u> Complaint at ¶ 56, Nevarez Decl., Exhibit A.

f.  The Complaint alleges that Defendant failed to engage in a good faith, timely interactive process. See Complaint at ¶¶ 66-67, Nevarez Decl., Exhibit A.

g.  The Complaint alleges that Plaintiff suffered loss of his reputation, shame, mortification, and hurt feelings as a result of defamatory statements. See Complaint at ¶¶ 71-75, Nevarez Decl., Exhibit A.

h.  The Complaint alleges that Plaintiff did not receive his final vacation pay and sick pay at the time of his termination. See Complaint at ¶ 79, Nevarez Decl., Exhibit A.

i.  The Complaint alleges that as a direct and proximate result of the violations of his rights under the Fair Employment and Housing Act by Defendant, Plaintiff has suffered and continues to suffer general, consequential, and special damages, including but limited to substantial losses in earnings, other employment benefits, physical injuries, physical sickness, as well as emotional distress, plus medical expenses, future medical expenses, and attorneys' fees, all to his damage in an amount according to proof. See Complaint at ¶¶ 30, 37, 50, 60, 67, and prayer, Nevarez Decl., Exhibit A.

j.  The Complaint alleges that the imposition of punitive damages is justified. See Complaint at ¶¶ 31, 38, 42, 51, 61, 68, 77, and prayer, Nevarez Decl., Exhibit A.

k.  The Complaint alleges that Plaintiff is entitled to recover waiting time penalties pursuant to Labor Code section 203. See Complaint at ¶ 81 and prayer, Nevarez Decl., Exhibit A.

l.  The Complaint also seeks to recover reasonable attorney's fees, costs of suit, and interest on the unpaid amounts pursuant to Labor Code sections 218.5 and 1194. See Complaint at ¶ 82, and prayer, Nevarez Decl., Exhibit A.

1    The amount in controversy may include general and special compensatory

2    damages and attorney's fees which are recoverable by statute.    *Galt G/S v. JSS*

3    *Scandinavia*, 142 F.3d 1150, 1155-56 (9th Cir. 1998); and *Goldberg v. CPC Int'l, Inc.*,

4    678 F.2d 1365, 1367 (9th Cir. 1982), cert. denied, 459 U.S. 945 (1982) (attorney's fees

5    may be taken into account to determine jurisdictional amount).    The Court may examine

6    the nature of the action and of the relief sought and take judicial notice of attorney's fees

7    awards in similar cases.    See e.g., *Simmons v. PCR Technology*, 209 F.Supp.2d 1029,

8    1035 (N.D. Cal. 2002) (attorneys' fees in individual employment discrimination cases

9    often exceed damages).    Indeed, cases in the Ninth Circuit firmly establish that statutory

10    attorneys' fees will be included as a basis for determining the jurisdictional amount in

11    controversy.    See *Galt G/S, supra*, 142 F.3d at 1155-56.    Furthermore, such fees are

12    calculable beyond the time of removal. *Simmons, supra*, 209 F.Supp.2d at 1035.

13    Punitive damages also are included in calculating the amount in controversy.

14    *Davenport v. Mutual Ben. Health & Acc. Ass'n*, 325 F.2d 785, 787 (9th Cir. 1963).    See

15    also, *Aucina v. Amoco Oil Co.*, 871 F.Supp. 332, 334 (S.D. Iowa 1994).    In *Aucina*, the

16    defendant-employer established the amount in controversy exceeded the jurisdictional

17    minimum where the former employee asserted claims for lost wages, lost benefits, mental

18    anguish and punitive damages.    The court noted the defendant was a Fortune 500

19    company and that "[b]ecause the purpose of punitive damages is to capture a defendant's

20    attention and deter others from similar conduct" the plaintiff's claim for punitive

21    damages "might alone" exceed the jurisdictional minimum.    See also *White v. FCI USA,*

22    *Inc.*, 319 F.3d 672, 674-76 (5th Cir. 2003) (it was facially apparent plaintiff's wrongful

23    termination claim exceeded $75,000 based on her "lengthy list of compensatory and

24    punitive damages" including loss of pay, fringe benefits, impaired earning capacity and

25    emotional distress combined with a claim for attorney fees.).

26    In recent California wrongful termination cases, non-economic awards alone often

27    meet or exceed the jurisdictional threshold. See, e.g., *Sanders v. Central Freight Lines,*

28    *Inc.*, 2011 Nat. Jury Verdict Review LEXIS 338 (jury awarded $75,000 in non-economic

1    damages where plaintiff was wrongfully terminated for refusing to use unsafe equipment

2    at work); *Gikonyo v. Alticor, Inc.*, 2008 Nat. Jury Verdict Review LEXIS 1422 (jury

3    awarded $60,000 in punitive damages where plaintiff was wrongfully terminated for his

4    failure to participate in the employer's unlawful activity); *Marietta Harvey v. Sybase*, Inc,

5    2004 Nat. Jury Verdict Review LEXIS 2946 (jury awarded $500,000 in non-economic

6    damages where plaintiff was wrongfully terminated for complaints to upper management

7    over a demotion and pay cut).

8    Accordingly, Plaintiff's allegations satisfy the jurisdictional prerequisite for the

9    amount in controversy.  It cannot be said to a legal certainty that Plaintiff would not be

10    entitled to recover the jurisdictional amount.  *Anthony v. Security Pacific Financial*

11    *Services, Inc.*, 75 F.3d 311, 315 (7th Cir. 1996); *Watson v. Blankenship*, 20 F.3d 383,

12    386-87 (10th Cir. 1994).

13    Therefore, the alleged claims, damages and fees requested in Plaintiff's Complaint

14    demonstrate the amount in controversy in this case exceeds the requirements under 28

15    U.S.C. section 1332(a).

**VENUE IS PROPER**

17    Venue of this action lies in the United States District Court for the Central District

18    of California pursuant to 28 U.S.C. sections 1441, *et seq.* and 1391(a) because this is the

19    judicial district of this Court in which Plaintiff alleges the action arose and where, based

20    on information and belief, Plaintiff resides.

21    WHEREFORE, Defendant Geodis removes the above-entitled action now pending

22    in the Superior Court of the State of California for the County of Los Angeles to this

23    Court.

24    DATED:  August 21, 2014            JACKSON LEWIS P.C.

25

26    By:  _____
        Nicky Jatana
27        Angela Quiles Nevarez

28        Attorneys for Defendant
        GEODIS WILSON USA, INC.

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
**CIVIL COVER SHEET**

| I. (a) PLAINTIFFS ( Check box if you are representing yourself ☐ ) | DEFENDANTS ( Check box if you are representing yourself ☐ ) |
|---|---|
| Mark Boullet | Geodis Wilson USA, Inc. |

| (b) County of Residence of First Listed Plaintiff  Los Angeles<br>*(EXCEPT IN U.S. PLAINTIFF CASES)* | County of Residence of First Listed Defendant  Middlesex(NJ)<br>*(IN U.S. PLAINTIFF CASES ONLY)* |
|---|---|
| (c) Attorneys *(Firm Name, Address and Telephone Number)* If you are representing yourself, provide the same information.<br>LAW OFFICES OF CARLIN & BUCHSBAUM, LLP<br>Gary R. Carlin, Brent S. Buchsbaum, Laurel N. Haag and Ana De La Torre (Tel:562-432-8933/Fax:562-435-1656)<br>555 East Ocean Blvd., Suite 818, Long Beach, CA 90802 | Attorneys *(Firm Name, Address and Telephone Number)* If you are representing yourself, provide the same information.<br>JACKSON LEWIS P.C.<br>Nicky Jatana and Angela Quiles Nevarez<br>725 S. Figueroa St., Suite 2500<br>Los Angeles, CA 90017 (Tel: 213-689-0404/Fax: 213-689-0430) |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1. U.S. Government Plaintiff

☐ 2. U.S. Government Defendant

☐ 3. Federal Question (U.S. Government Not a Party)

☒ 4. Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES**-For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☐ 1. Original Proceeding

☒ 2. Removed from State Court

☐ 3. Remanded from Appellate Court

☐ 4. Reinstated or Reopened

☐ 5. Transferred from Another District (Specify)

☐ 6. Multi-District Litigation

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes ☐ No   (Check "Yes" only if demanded in complaint.)

**CLASS ACTION under F.R.Cv.P. 23:** ☐ Yes ☒ No        ☐ **MONEY DEMANDED IN COMPLAINT:** $ _____

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

28 USC §§ 1332; 1441(a) and (b); and 1446 (Diversity)

**VII. NATURE OF SUIT** (Place an X in one box only).

| OTHER STATUTES | CONTRACT | REAL PROPERTY CONT. | IMMIGRATION | PRISONER PETITIONS | PROPERTY RIGHTS |
|---|---|---|---|---|---|
| ☐ 375 False Claims Act | ☐ 110 Insurance | ☐ 240 Torts to Land | ☐ 462 Naturalization Application | **Habeas Corpus:** | ☐ 820 Copyrights |
| ☐ 400 State Reapportionment | ☐ 120 Marine | ☐ 245 Tort Product Liability | ☐ 465 Other Immigration Actions | ☐ 463 Alien Detainee | ☐ 830 Patent |
| ☐ 410 Antitrust | ☐ 130 Miller Act | ☐ 290 All Other Real Property | | ☐ 510 Motions to Vacate Sentence | ☐ 840 Trademark |
| ☐ 430 Banks and Banking | ☐ 140 Negotiable Instrument | **TORTS** | **TORTS** | ☐ 530 General | **SOCIAL SECURITY** |
| ☐ 450 Commerce/ICC Rates/Etc. | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | **PERSONAL INJURY** | **PERSONAL PROPERTY** | ☐ 535 Death Penalty | ☐ 861 HIA (1395ff) |
| ☐ 460 Deportation | | ☐ 310 Airplane | ☐ 370 Other Fraud | **Other:** | ☐ 862 Black Lung (923) |
| ☐ 470 Racketeer Influenced & Corrupt Org. | ☐ 151 Medicare Act | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 540 Mandamus/Other | ☐ 863 DIWC/DIWW (405 (g)) |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Vet.) | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 550 Civil Rights | ☐ 864 SSID Title XVI |
| ☐ 490 Cable/Sat TV | | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 555 Prison Condition | ☐ 865 RSI (405 (g)) |
| ☐ 850 Securities/Commodities/Exchange | ☐ 153 Recovery of Overpayment of Vet. Benefits | ☐ 340 Marine | **BANKRUPTCY** | ☐ 560 Civil Detainee Conditions of Confinement | **FEDERAL TAX SUITS** |
| ☐ 890 Other Statutory Actions | | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | **FORFEITURE/PENALTY** | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 891 Agricultural Acts | ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 871 IRS-Third Party 26 USC 7609 |
| ☐ 893 Environmental Matters | ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | ☐ 690 Other | |
| ☐ 895 Freedom of Info. Act | ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | ☐ 440 Other Civil Rights | **LABOR** | |
| ☐ 896 Arbitration | ☐ 196 Franchise | ☐ 362 Personal Injury-Med Malpratice | ☐ 441 Voting | ☐ 710 Fair Labor Standards Act | |
| | **REAL PROPERTY** | ☐ 365 Personal Injury-Product Liability | ☐ 442 Employment | ☐ 720 Labor/Mgmt. Relations | |
| ☐ 899 Admin. Procedures Act/Review of Appeal of Agency Decision | ☐ 210 Land Condemnation | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | ☐ 443 Housing/ Accommodations | ☐ 740 Railway Labor Act | |
| | ☐ 220 Foreclosure | | ☐ 445 American with Disabilities-Employment | ☐ 751 Family and Medical Leave Act | |
| ☐ 950 Constitutionality of State Statutes | ☐ 230 Rent Lease & Ejectment | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 446 American with Disabilities-Other<br>☐ 448 Education | ☒ 790 Other Labor Litigation<br>☐ 791 Employee Ret. Inc. Security Act | |

**FOR OFFICE USE ONLY:** Case Number: _____

CV14-6583

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
**CIVIL COVER SHEET**

**VIII.  VENUE:** Your answers to the questions below will determine the division of the Court to which this case will be initially assigned. This initial assignment is subject to change, in accordance with the Court's General Orders, upon review by the Court of your Complaint or Notice of Removal.

| QUESTION A:  Was this case removed from state court? [X] Yes  [ ] No | STATE CASE WAS PENDING IN THE COUNTY OF: | INITIAL DIVISION IN CACD IS: |
|---|---|---|
| If "no," skip to Question B. If "yes," check the box to the right that applies, enter the corresponding division in response to Question E, below, and continue from there. | [X] Los Angeles, Ventura, Santa Barbara, or San Luis Obispo | Western |
| | [ ] Orange | Southern |
| | [ ] Riverside or San Bernardino | Eastern |

| QUESTION B:  Is the United States, or one of its agencies or employees, a PLAINTIFF in this action? [ ] Yes  [X] No | **B.1.** Do 50% or more of the defendants who reside in the district reside in Orange Co.? _check one of the boxes to the right_ ➡ | [ ] YES. Your case will initially be assigned to the Southern Division. Enter "Southern" in response to Question E, below, and continue from there. |
|---|---|---|
| | | [X] NO. Continue to Question B.2. |
| If "no," skip to Question C. If "yes," answer Question B.1, at right. | **B.2.** Do 50% or more of the defendants who reside in the district reside in Riverside and/or San Bernardino Counties? (Consider the two counties together.) _check one of the boxes to the right_ ➡ | [ ] YES. Your case will initially be assigned to the Eastern Division. Enter "Eastern" in response to Question E, below, and continue from there. |
| | | [X] NO. Your case will initially be assigned to the Western Division. Enter "Western" in response to Question E, below, and continue from there. |

| QUESTION C:  Is the United States, or one of its agencies or employees, a DEFENDANT in this action? [ ] Yes  [X] No | **C.1.** Do 50% or more of the plaintiffs who reside in the district reside in Orange Co.? _check one of the boxes to the right_ ➡ | [ ] YES. Your case will initially be assigned to the Southern Division. Enter "Southern" in response to Question E, below, and continue from there. |
|---|---|---|
| | | [ ] NO. Continue to Question C.2. |
| If "no," skip to Question D. If "yes," answer Question C.1, at right. | **C.2.** Do 50% or more of the plaintiffs who reside in the district reside in Riverside and/or San Bernardino Counties? (Consider the two counties together.) _check one of the boxes to the right_ ➡ | [ ] YES. Your case will initially be assigned to the Eastern Division. Enter "Eastern" in response to Question E, below, and continue from there. |
| | | [ ] NO. Your case will initially be assigned to the Western Division. Enter "Western" in response to Question E, below, and continue from there. |

| QUESTION D: Location of plaintiffs and defendants? | A. Orange County | B. Riverside or San Bernardino County | C. Los Angeles, Ventura, Santa Barbara, or San Luis Obispo County |
|---|---|---|---|
| Indicate the location(s) in which 50% or more of _plaintiffs who reside in this district_ reside. (Check up to two boxes, or leave blank if none of these choices apply.) | [ ] | [ ] | [X] |
| Indicate the location(s) in which 50% or more of _defendants who reside in this district_ reside. (Check up to two boxes, or leave blank if none of these choices apply.) | [ ] | [ ] | [ ] |

| **D.1.  Is there at least one answer in Column A?** [ ] Yes  [X] No | **D.2.  Is there at least one answer in Column B?** [ ] Yes  [X] No |
|---|---|
| If "yes," your case will initially be assigned to the SOUTHERN DIVISION. Enter "Southern" in response to Question E, below, and continue from there. If "no," go to question D2 to the right. ➡ | If "yes," your case will initially be assigned to the EASTERN DIVISION. Enter "Eastern" in response to Question E, below. If "no," your case will be assigned to the WESTERN DIVISION. Enter "Western" in response to Question E, below. ⬇ |

| QUESTION E: Initial Division? | INITIAL DIVISION IN CACD |
|---|---|
| Enter the initial division determined by Question A, B, C, or D above: ➡ | Western |

| QUESTION F: Northern Counties? | |
|---|---|
| Do 50% or more of plaintiffs or defendants in this district reside in Ventura, Santa Barbara, or San Luis Obispo counties? | [ ] Yes  [X] No |

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
**CIVIL COVER SHEET**

**IX(a). IDENTICAL CASES:** Has this action been previously filed **in this court**?   ☐ NO   ☒ YES

If yes, list case number(s):   CV14-03990-ODW (FFMx)

**IX(b). RELATED CASES:** Is this case related (as defined below) to any cases previously filed **in this court**?   ☒ NO   ☐ YES

If yes, list case number(s):

Civil cases are related when they:

☐ A. Arise from the same or closely related transactions, happening, or event;

☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or

☐ C. For other reasons would entail substantial duplication of labor if heard by different judges.

Check all boxes that apply.  That cases may involve the same patent, trademark, or copyright is not, in itself, sufficient to deem cases related.

---

**X. SIGNATURE OF ATTORNEY**
**(OR SELF-REPRESENTED LITIGANT):**  _____   DATE: August 21, 2014

Angela Quiles Nevarez

**Notice to Counsel/Parties:** The submission of this Civil Cover Sheet is required by Local Rule 3-1. This Form CV-71 and the information contained herein neither replaces nor supplements the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. For more detailed instructions, see separate instruction sheet (CV-071A).

---

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405 (g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |